# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LIRIO B. SANCHEZ-ALICEA,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
NY-0752-14-0197-I-1

DATE: November 18, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ruy V. Diaz</u>, San Juan, Puerto Rico, for the appellant.

<u>Ana M. Margarida</u>, San Juan, Puerto Rico, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her constructive suspension appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2 The appellant, a Program Support Assistant for the Medical Media Service of the agency's Caribbean Healthcare System in San Juan, Puerto Rico, alleged that she suffered a September 2013 injury at work. Initial Appeal File (IAF), Tab 1, Tab 9 at 2. She subsequently sought medical treatment, filed a claim regarding her injury with the Office of Workers' Compensation Programs (OWCP), and underwent surgery to repair rotator cuff injuries. IAF, Tab 9 at 2, Tab 5 at 59-62. OWCP denied the appellant's injury claim. IAF, Tab 5 at 34. She remained on approved leave until she reported for work on February 3, 2014, requesting work within her restrictions as set forth by her physician on an OWCP Form CA-17, Duty Status Report. IAF, Tab 5 at 32-33, Tab 9 at 2-3, Tab 11 at 5.

¶3 Based on her physician's January 8, 2014 examination, the Form CA-17 described limitations in the appellant's range of motion and recommended that she work part-time, restricting her sitting, standing, walking, climbing, kneeling, bending/stooping, and twisting to a maximum of 6 hours per day, and limiting any simple grasping or fine manipulation to 3 hours per day. IAF, Tab 5 at 32. The

appellant's supervisor, in consultation with agency specialists, declined to accept the CA-17 Form as sufficient for the appellant to return to duty because OWCP had denied her claim and the form, which was almost a month old, was not current and lacked sufficient information to make the proper determination. August 11, 2014 Hearing Transcript 1 (HT1) at 45-49, 53-64 (testimony of the appellant's supervisor). The supervisor directed the appellant to see the individuals responsible for reasonable accommodation, and one of those individuals advised the appellant to fill out a Family and Medical Leave Act (FMLA) certification form to provide specific information regarding her restrictions. IAF, Tab 9 at 12, 20.

¶4 The appellant submitted the FMLA certification form on February 12, 2014. IAF, Tab 5 at 21-24. Because her physician indicated on the certification form that the appellant could not perform some of her job functions, *id.* at 23, her supervisor referred her to the local reasonable accommodation coordinator, HT1 at 74-76 (testimony of the appellant's supervisor). The appellant scheduled a February 14, 2014 meeting with the coordinator, but she did not show up for the appointment or seek to reschedule it. September 11, 2014 Hearing Transcript 2 at 265-66 (testimony of the reasonable accommodation coordinator), 305-08 (testimony of the appellant). Instead, less than 2 weeks later, she filed this appeal. IAF, Tab 1.

¶5 The administrative judge found that the appellant made nonfrivolous allegations of jurisdiction over an alleged constructive suspension, and held a jurisdictional hearing. IAF, Tab 13. After holding that hearing, she issued an initial decision that dismissed the appeal for lack of jurisdiction, finding that the appellant failed to establish that the agency's denial of her reasonable accommodation request, or the retaliation she alleged, caused her absence. IAF, Tab 40, Initial Decision (ID) at 16-23. The administrative judge found that the agency's failure to allow the appellant light duty on February 3 or February 12, 2014, was not wrongful because "the agency wanted to ensure she was cleared to

perform work within her limitations." ID at 21. Thus, she determined that the appellant's absence was due to the limitations placed on her by her medical provider, not by any wrongful agency actions, and there was no evidence to indicate that the agency had duties at the appellant's grade or skill level within her medical restrictions. ID at 21-22. Although the administrative judge noted that the interactive process regarding reasonable accommodation was somewhat limited in this instance, she found that the process was truncated because of the appellant's failure to attend a meeting with the reasonable accommodation coordinator, and not because of any agency wrongdoing. ID at 21-23.

¶6      In her petition for review, the appellant argues that the administrative judge erred in her assessment of the evidence, failed to consider all the facts, and incorrectly applied the law. Petition for Review (PFR) File, Tab 1 at 2-3, 11-17. She challenges the administrative judge's finding that the agency was not obligated to offer her light-duty work, and reiterates her argument that the agency committed harmful error when it failed to follow its own procedures regarding her request for reasonable accommodation, insisting that the agency would have reached a different result had it done so. *Id.* at 11-17. The agency has not responded to the petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7      Although various fact patterns may give rise to an appealable constructive removal or suspension, all such claims are premised on the proposition that an absence that appears to be voluntary actually is not. *Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 12 (2016); *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015), *aff'd*, 833 F.3d 1342 (Fed. Cir. 2016). To demonstrate that an absence from work was not voluntary, and is instead an actionable constructive suspension, an appellant must show that: (1) she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *E.g.*, *Romero v. U.S. Postal Service*, 121 M.S.P.R.

606, ¶ 8 (2014). Assuming that the jurisdictional requirements of 5 U.S.C. chapter 75 are otherwise met, proof of these two things is sufficient to establish Board jurisdiction. *Rosario-Fabregas*, 122 M.S.P.R. 468, ¶ 8; *Romero*, 121 M.S.P.R. 606, ¶¶ 8-9. Our reviewing court has endorsed this approach. *Rosario-Fabregas*, 833 F.3d at 1346-47.

¶8 The record reflects that the appellant lacked a meaningful choice with regard to her absence, satisfying the first prong of the analysis. *See e.g.*, *Romero*, 121 M.S.P.R. 606, ¶ 9 (finding that once an employee is released to work with medical restrictions, an agency's decision not to return that employee to work deprives the employee of a meaningful choice in the matter); *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 8 (2013). The FMLA certification form that the appellant submitted released her to work with restrictions, and the agency did not return her. IAF, Tab 5 at 21-24. Nevertheless, we agree with the administrative judge that the appellant failed to establish the second prong of the analysis, i.e., that any wrongful action by the agency deprived her of that choice. ID at 22-23.

¶9 The key to the second prong of this analysis is whether the agency acted improperly in refusing to allow the appellant to return to work. *Romero*, 121 M.S.P.R. 606, ¶ 8; *Bean*, 120 M.S.P.R. 397, ¶ 13. The administrative judge found that despite the limited interactive process provided by the agency, the appellant's failure to appear for her scheduled meeting with the accommodation coordinator cut the interactive process short and precluded the exploration of any possible accommodation. ID at 21-22. The appellant argues on review that her failure to participate in the interactive process is not equivalent to a voluntary decision not to come to work. PFR File, Tab 1 at 12. We agree with the administrative judge that the appellant's failure to engage in the interactive process was ultimately the cause of her absence and not any improper agency action. *See Rosario-Fabregas*, 122 M.S.P.R. 468, ¶¶ 18-19. The appellant bears the burden of proving that an accommodation she seeks is reasonable. *Clemens v. Department of the Army*, 120 M.S.P.R. 616, ¶ 17 (2014). The appellant's refusal

to meet with the reasonable accommodation coordinator was obstructive, not interactive. Both parties, including the appellant, are expected to engage in this interactive process in good faith. *See, e.g.*, *Rehling v. City of Chicago*, 207 F.3d 1009, 1015-16 (7th Cir. 2000); *see also Simpson v. U.S. Postal Service*, 113 M.S.P.R. 346, ¶ 18 (2010) (finding that the appellant did not prove the denial of reasonable accommodation when he was unresponsive to the agency's good faith attempts to engage in the interactive process); 29 C.F.R. § 1630.2(o)(3) (to determine the appropriate reasonable accommodation, an agency may need to "initiate an informal, *interactive* process with the individual with a disability in need of the accommodation") (emphasis added). Thus, even assuming that the appellant is a qualified individual with a disability, her refusal to engage in the interactive process prevented the agency from identifying a reasonable accommodation. *Id.*; *see Miller v. Department of the Army*, 121 M.S.P.R. 189, ¶¶ 19-21 (2014) (finding an appellant frustrated the agency's reasonable accommodation efforts).

¶10    We also agree with the administrative judge that the section of the appellant's collective bargaining agreement (CBA) requiring the agency to make serious efforts to assign an employee to temporary light-duty work did not apply in the appellant's circumstances because OWCP denied her claim. ID at 10-13; IAF, Tab 12 at 23-28. On review, the appellant contends that the CBA section does not require that an OWCP claim be approved before the agency may determine if a temporary accommodation can be made. PFR File, Tab 1 at 14. This argument conflates the agency's obligation to provide light duty with the interactive process designed to determine a reasonable accommodation. The record reflects that the agency did not condition its participation in the interactive process on the success of the appellant's OWCP claim, but instead, that the agency referred the appellant to the reasonable accommodation coordinator after OWCP denied her claim. ID at 11-12. The agency's action was appropriate under the circumstances. Moreover, in light of the appellant's failure to keep or

reschedule her appointment with the reasonable accommodation coordinator, the agency did not act improperly in failing to provide her light duty. *See Rosario-Fabregas*, 122 M.S.P.R. 468, ¶¶ 18-19 (considering the appellant's failure to engage in the interactive process, the agency did not act improperly in refusing to place the appellant back in a duty status).

¶11 Next, the appellant claims that the agency failed to follow its procedures and issue a written acknowledgment of her request for reasonable accommodation, and reiterates her contention that this was harmful error. PFR File, Tab 1 at 4-5. Harmful error under 5 U.S.C. § 7701(c)(2)(A) cannot be presumed; an agency error is harmful only if the record shows that the procedural error was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991). Nothing in the record indicates that the appellant would have shown up for her February 14, 2014 appointment with the reasonable accommodation coordinator, or that she would have attempted to reschedule the appointment, if the agency had issued the written acknowledgment. Thus, we find that the appellant has failed to show that the agency would have provided her with light duty in the absence of the purported error.

¶12 Lastly, regarding the appellant's contention that the administrative judge did not consider all the facts, her failure to mention all of the evidence of record does not mean that she did not consider the entirety of the record in reaching her decision. *Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table). Moreover, the administrative judge addressed some of the issues that the appellant claims on review are missing from the analysis. For example, the appellant asserts that the administrative judge failed to address her allegations of retaliation, PFR File, Tab 1 at 10, but the initial decision indicates otherwise; the administrative judge

analyzed and then rejected the appellant's assertions of retaliation based on the testimony before her, ID at 22-23.

¶13        For the foregoing reasons, we affirm the initial decision, which dismissed this appeal for lack of jurisdiction.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
P.O. Box 77960<br>
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations<br>
Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Suite 5SW12G<br>
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.